SYDNEY R. WRIGHTINGTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91371. Promulgated November 22, 1938.

*Sydney R. Wrightington, Esq.*, pro se.
*Paul E. Waring, Esq.*, for the respondent.

#### OPINION.

STERNHAGEN: The Commissioner determined deficiencies in petitioner's income tax of $4.83 for 1934 and $49.72 for 1935. The petitioner seeks to overcome these deficiencies by showing that income which he received as Town Counsel of Lexington, Massachusetts, is exempt from tax. The facts are contained entirely in a written stipulation. The amounts of petitioner's income which are brought in

question are $850 received by him as salary in 1934 and $887.50 received by him as salary in 1935 from the municipality for general services as town counsel, such services being described in section 3 of the town bylaws as the drafting and approval of town documents and giving legal advice and opinions to town officers. Other amounts received by the petitioner for services incident to litigation he does not here put in issue.

The question whether salary paid by a county, town, or other subdivision of a state to counsel regularly employed, as distinguished from amounts sporadically paid for specific services, is subject to Federal income tax has been considered in several cases, and until recently the decisions have held the salary to be exempt. *Helvering* v. *Curren*, 90 Fed. (2d) 621; *Commissioner* v. *Schnackenberg*, 90 Fed. (2d) 175; *Commissioner* v. *Hindman*, 88 Fed. (2d) 44; *Commissioner* v. *Coughlin*, 87 Fed. (2d) 670; *United States* v. *Butler*, 49 Fed. (2d) 52; *Burnet* v. *Livezey*, 48 Fed. (2d) 159; *Blair* v. *Matthews*, 29 Fed. (2d) 892; *Wilkins* v. *Moore*, 24 Fed. Supp. 670. Recently, in *Ewart* v. *Commissioner*, 98 Fed. (2d) 649, and *Commissioner* v. *Emerson*, 98 Fed. (2d) 650, the Circuit Court of Appeals for the Third Circuit held that because New Jersey township attorneys were independent contractors they were not free from tax upon their fixed compensation. *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514. The Board has recognized immunity in *Jeremiah Wood*, 31 B. T. A. 1141; *Martin P. O'Connor*, 35 B. T. A. 402; and *W. Frank Carter*, 36 B. T. A. 60; and denied it in *Clark McK. Whittemore*, 35 B. T. A. 757.

The Commissioner argues in this proceeding that *Helvering* v. *Gerhardt*, 304 U. S. 405, overruled these earlier decisions and puts an end to the immunity unless it can be shown not only that the services for which the compensation was received are essential to the preservation of the state government, but also that the Federal tax upon the individual operates as a burden upon the state. The *Gerhardt* case, however, was directed to the question of immunity of employees of the New York Port Authority, who were held not to be engaged in such governmental functions as were indispensable to the continued existence of the state. The functions there considered were in this respect quite different from those to which the services of the present town counsel were an incident. Such services covered the entire field of existence and activity of the town, touching it at every point where the law might operate upon it. In every sense the petitioner was engaged in performing an inherent and traditional function of government.

It is said, however, that the petitioner has not met the second test of immunity, in that he has not shown that the imposition of the Federal tax upon him operates to burden the state. If this means

that he has not introduced primary evidence of an actual burden during the particular years in question, the statement is correct. It is difficult to believe, however, that the *Gerhardt* opinion must be read as requiring such a showing to support every claim of immunity which is made under the established doctrine that the Federal Government may not by taxation interfere with the free operation of the governmental functions of the states. *Collector* v. *Day*, 11 Wall. 113. To read it as meaning this would logically lead to the conclusion that even the statutory compensation of the governor of the state may be taxed by the Federal Government unless evidence is introduced the preponderance of which shows that such tax operates in fact as an interference with the carrying on of the state's essential governmental functions or those which are indispensable to its existence as a state. Such a burden of proof would practically nullify the constitutional doctrine itself, for it is hard to conceive how the burden could be discharged by any individual officer or employee of a state. We are unable to conclude that the decision in the *Gerhardt* case may be carried so far. See *Robert McCarthy Bullington*, 38 B. T. A. 754.

Since the petitioner was not an independent contractor, *Helvering* v. *Curren, supra*, and the compensation in question was received for services incident to the town's existence and governmental operations, the immunity from Federal tax is, in our opinion, estabished.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

ARNOLD dissents.

---

SMITH, dissenting: In *Helvering* v. *Gerhardt*, 304 U. S. 405, it was said:

The basis upon which constitutional tax immunity of a state has been supported is the protection which it affords to the continued existence of the state. To attain that end it is not ordinarily necessary to confer on the state a competitive advantage over private persons in carrying on the operations of its government. There is no such necessity here, and the resulting impairment of the federal power to tax argues against the advantage. The state and national governments must co-exist. Each must be supported by taxation of those who are citizens of both. The mere fact that the economic burden of such taxes may be passed on to a state government and thus increase to some extent, here wholly conjectural, the expense of its operation, infringes no constitutional immunity. Such burdens are but normal incidents of the organization within the same territory of two governments, each possessed of the taxing power.

It seems to me that the principle upon which the *Gerhardt* case was decided was that immunity from Federal income tax of the salary and wages of officers and employees of a state depends upon whether the imposition of the tax puts a substantial burden upon the state. Absent evidence of such burden the tax attaches.

I think the opinion of the Supreme Court in the *Gerhardt* case overrules the principle of *Collector* v. *Day*, 11 Wall. 113, and "a century of precedents," as stated by Mr. Justice Butler in his dissenting opinion.

In the instant proceeding there is no evidence that the imposition of the Federal income tax upon the petitioner's salary was a substantial burden upon the State of Massachusetts or the town of Lexington.

---

DISNEY, dissenting: I think that in the light of *Helvering* v. *Gerhardt*, 304 U. S. 405, rehearing denied October 10, 1938, the question here presented requires our reexamination, and that, so reexamined, the answer is a denial of the immunity upheld by the majority opinion.

The burden of taxation passed on to the state or subdivision by reason of taxation of this employee is theoretical, not actual. The tax is not discriminatory, and overrefinement of plausible, but unsound theory, instead of a weighing of reality, is in my opinion the basis of claim of immunity. *Collector* v. *Day*, 11 Wall. 113, adopted what appeared to be a well balanced reciprocal treatment of state and national government, but which neglected the sound distinctions between taxation by a state and by the United States, made by Chief Justice Marshall in *McCulloch* v. *Maryland*, 17 U. S. 315, and reverted to and relied upon in *Helvering* v. *Gerhardt, supra;* and *Collector* v. *Day, supra,* has in turn been strained to apply to situations beyond its scope, until fact is made to subserve formula and, because of a certain symmetry in theory of reciprocal relations between nation and state, a class of immunity has been created which wars with the idea of equality of taxation inhering in the income tax law and the Constitution. Too much emphasis, I think, has been placed upon the idea of separate sovereignties and the fear of encroachment of one upon the other in the tax field. The dichotomy in the governance of the citizen of the United States does not cut so deeply. Nation and state should not be treated as wholly independent sovereigns. They are interdependent, and nowhere more so than in the tax realm. The employee of the state is a citizen of the United States, subject to its laws. Realization of this interdependence and the pragmatic nature of income tax dictates that we should realize that there is in plain fact no burden upon the operation of state government because of nondiscriminatory Federal income tax upon those who administer it in the indirect manner of the employee who is petitioner here. Though the function performed by him be essentially governmental, I think the burden upon state is essentially chimerical, not factual.

OPPER agrees with this dissent.